F I L E D
United States Court of Appeals
Tenth Circuit

NOV 10 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CAIN DIXON, JR.,

        Plaintiff-Appellant,

v.

MICHAEL A. NELSON, Warden,
El Dorado Correctional Facility;
EDWARD F. MEDLIN, Security
Captain, EDCF; ROBERT KECKLER,
Unit Team, EDCF; RANDY
JOHNSON, CSI-EDCF,

        Defendants-Appellees.

No. 97-3039
(D.C. No. 96-3174-KHV)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Cain Dixon, Jr., appearing pro se, appeals the district court's order entering summary judgment in favor of defendants on his claims brought pursuant to 42 U.S.C. § 1983. We affirm.

Plaintiff, a prison inmate, alleges that defendants, who are prison personnel, interfered with his medically prescribed treatment plan and retaliated against him for exercising his rights through the prison grievance procedure to complain about their conduct. On appeal, he asserts that he should have been afforded an opportunity to conduct discovery and then amend his complaint before summary judgment was entered. He also challenges the district court's application of the doctrine of res judicata and its determination that his retaliation claims failed to state a cause of action.

We first address plaintiff's claim that summary judgment was improper because he did not have an opportunity to conduct discovery. The rule authorizing summary judgment does not require that discovery be completed before summary judgment is entered. See Public Serv. Co. v. Continental Cas. Co., 26 F.3d 1508, 1518 (10th Cir. 1994). A party seeking discovery to permit him to oppose summary judgment must file an affidavit pursuant to Fed. R. Civ. P. 56(f) showing with specificity how the discovery will enable him to rebut the movant's allegations of no genuine issue of material fact. See Jensen v. Redevelopment Agency, 998 F.2d 1550, 1554 (10th Cir. 1993). Here, plaintiff's

generalized claim that discovery was necessary for him to present evidence to support his claims falls short of the showing required. Therefore, the district court did not err in entering summary judgment absent discovery.

We review the grant of summary judgment de novo, applying the same standard as the district court. See Applied Genetics Int'l, Inc., v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991). We consider the record in the light most favorable to the nonmoving party. See Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the summary judgment order for substantially the same reasons stated in the district court's memorandum and order dated January 17, 1997, and entered on the docket on January 23, 1997.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge